UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Citizens Insurance Company
of the Midwest,

    Plaintiff,

v.                                   Case No. 18-13457

Thomas Proben,                 Sean F. Cox
                                          United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**GRANTING IN PART, AND DENYING IN PART,**
**DEFENDANT'S MOTION TO DISMISS**

On February 17, 2017, Defendant Thomas Proben ("Proben") was involved in an automobile accident in Florida, while insured by an automobile insurance policy issued by Plaintiff Citizens Insurance Company of the Midwest ("Citizens"). Thereafter, Proben submitted an application for Michigan no-fault benefits for injuries he alleges to have sustained in the accident. On November 5, 2018, Citizens filed this action against Proben, seeking a declaration that: 1) Citizens has a statutory and contractual right to reimbursement from Proben as to his recovery against the third-party tort feasor in Florida; and 2) the hyperbaric oxygen therapy treatment Proben has been receiving is not covered under his policy because he has failed to establish that the treatment was reasonably necessary for his care, recovery, or rehabilitation. In lieu of an answer, Proben filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). The motion was heard by the Court on May 23, 2019.

For the reasons set forth below, the Court shall GRANT THE MOTION IN PART AND

1

DENY IT IN PART. The Court shall GRANT the motion to the extent that the Court shall dismiss Count 1 without prejudice because it is undisputed that Proben has not obtained any recovery from the other driver. The motion is DENIED as to Count 2 and that count shall proceed in this action.

## BACKGROUND

On November 5, 2018, Plaintiff Citizens filed this action against Defendant Proben, based on diversity jurisdiction.

The Complaint alleges that Defendant Thomas Proben is a dual resident of Michigan and Florida and was insured under an automobile policy of insurance issued by Citizens. It is undisputed that on February 17, 2017, Proben was involved in an automobile accident in Florida. The Complaint alleges the other vehicle was owned by Powertown Line Construction and was operated by Travis Martin Burchard on the date of the accident.

Citizens' Complaint includes two counts: 1) "Declaratory Judgment Regarding Plaintiff Citizens' Statutory And Contractual Right To Subrogation And Reimbursement" (Count 1); and 2) "Declaratory Judgment Regarding Defendant Thomas Proben's Claim For First-Party No-Fault Benefits" (Count II).

As to Count 1, Citizens seeks equitable relief in the form of a declaration that Citizens has a statutory and contractual right to reimbursement against and as to Defendant Proben's "*prospective* recovery against the third-party tort feasor in the state of Florida, relative to the Accident." (Compl. at ¶ 10) (emphasis added). The body of Count 1 alleges as follows:

21. Plaintiff CITIZENS incorporates by reference the allegations in paragraphs 1-20 of its Complaint as though fully set forth herein.

22. The Michigan no-fault act MCL 500.3101, et. seq., makes clear that

> Plaintiff CITIZENS possesses a statutory right to reimbursement as to Defendant PROBEN's recovery against the tortfeasor.
>
> 23. An insurer has a right to reimbursement from an insured's tort recovery paid in out-of-state accidents. The insurer has a lien on the tort recovery to the extent of the reimbursement amounts paid. MCL 500.3116(2).
>
> 24. The purpose of the statutory provision for reimbursement is to prevent an injured party from double recovery, and its purpose applies legal force to accidents occurring outside of Michigan. *Allstate Insurance Company v Jewell*, 182 Mich App 611 (1990).
>
> 25. In this instance, Plaintiff CITIZENS possesses a statutory right to reimbursement from Defendant PROBEN's tort recovery as Plaintiff CITIZENS was the Michigan no-fault insurer of Defendant PROBEN at the time Defendant PROBEN was involved in a motor vehicle accident on February 17, 2017, outside the state of Michigan, in the state of Florida.
>
> 26. Plaintiff CITIZENS also possesses a contractual right to reimbursement from Defendant PROBEN's tort recovery. With regard to no-fault benefits and collision, the policy states:
>
>> If we make payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
>>
>> 1. Hold in trust for us the proceeds of the recovery; and
>> 2. Reimburse us to the extent of our payment.
>
> (Exhibit A, p. 13 of 15).
>
> 27. Plaintiff CITIZENS seeks a declaration that it has a statutory and contractual right to reimbursement against and as to Defendant PROBEN's recovery against the tortfeasor.

(*Id*. at 5-7).

As to Count 2, Citizens seeks equitable relief in the form of a declaration that Defendant Proben has failed to present objective and verifiable medical evidence that the hyperbaric oxygen therapy treatment [Proben] has been receiving (in excess of $600,000) is efficacious for his care, recovery, or rehabilitation, and/or that the hyperbaric oxygen therapy treatment is

3

experimental, and, therefore, not recoverable under Michigan no-fault law. (MCL 500.3101 et. seq.)." (*Id.* at ¶ 11). Thus, Count 2 seeks a declaration that hyperbaric oxygen therapy is not covered for Proben under his policy.

In lieu of an answer, on March 5, 2019, Defendant Proben filed a "Motion To Dismiss Plaintiff's Declaratory Action Pursuant To Federal Rule of Civil Procedure 12(b)(6)." (ECF No. 5). Citizens filed a response in opposition to the motion on March 26, 2019. Proben did not file a reply brief. The Court heard oral argument on May 23, 2019.

## ANALYSIS

Proben's motion is titled "Defendant Proben's Motion To Dismiss Plaintiff's Declaratory Action Pursuant To Federal Rule Of Civil Procedure 12(b)(6)." (ECF No. 5). In this motion, Proben challenges both counts in the complaint.

**I.    Count 1**

In Count 1, Citizens alleges that it has a right to reimbursement from Proben, on both a statutory and contractual basis. Defendant Proben's motion challenge both bases.

In his motion, Proben does not dispute that Michigan's no-fault statute provides that Citizens is entitled to reimbursement as to an award of *economic damages* that Proben receives in a tort lawsuit against the other driver in Florida. But Proben argues that, to the extent that Count 1 seeks reimbursement from him for *any recovery* he may receive in connection with a lawsuit he files against the tortfeasor in Florida, that claim fails as a matter of law because Michigan's no-fault statute provides that there is no such reimbursement for any *noneconomic losses.* Thus, Proben argues that, to the extent the request for reimbursement is not limited to economic damages, the Court should rule that Citizens would not be entitled to reimbursement

4

for any noneconomic losses he recovers from the other driver in a Florida lawsuit.

The Michigan statute at issue, Mich. Comp. Laws § 500.3116 provides, in pertinent part, that:

> (2) A subtraction from or reimbursement for personal property insurance benefits paid or payable under this chapter shall be made only if recovery is realized upon a tort claim arising from an accident occurring outside this state . . . and shall be made only to the extent that the recovery realized by the claimant is for damages for which the claimant has received or would otherwise be entitled to receive personal protection insurance benefits. A subtraction shall be made only to the extent of the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery. If personal protection insurance benefits have already been received, the claimant shall repay to the insurers out of the recovery a sum equal to the benefits received, but not more than the recovery exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery. The insurer shall have a lien on the recovery to this extent.

Mich. Comp. Laws § 500.3116(2). Section 4 of that same statute then expressly provides that a "subtraction or reimbursement shall not be due the claimant's insurer from that portion of any recovery to the extent that recovery is realized for noneconomic loss." Mich. Comp. Laws § 500.3116(4). Thus, "Subsection 3116(4) expressly bars 'subtraction or reimbursement' from a recovery 'realized for noneconomic loss.'" *Dunn v. Detroit Auto. Inter-Insur. Exch.*, 254 Mich. App. 256, 266 (2002).

Indeed, although Citizens' complaint did not limit its requested reimbursement recovery to economic damages received by Proben (*see* Compl. at ¶ 22), its response brief appears to indicate that it is only seeking reimbursement for economic damages. (*See* Pl.'s Br. at 7-8).

At the May 23, 2019 hearing, counsel for Citizens acknowledged that Citizens could not obtain reimbursement from Proben, on either a statutory or contractual basis, for any noneconomic damages Proben may recover from the other driver. Thus, it is now undisputed

5

that any recovery that Citizens could possibly receive from Proben would be limited to his recovery for economic losses. Accordingly, to the extent that Citizens claims to have a statutory or contractual right to reimbursement for noneconomic losses in Count 1, that claim fails as a matter of law.

Proben also challenges Count 1 on another basis. Proben argues that because he has not yet obtained *any recovery* from the tort feasor who caused the accident, this request for reimbursement under Mich. Comp. Laws § 500.3116 is premature and/or fails as a matter of law:

> [I]n the instant case where no lawsuit has been filed for economic or non-economic loss, it would be impossible to determine under the quoted statute MCL 500.3116(2), that Citizens has a right to recovery because, no "recovery" has been realized by Proben from a tort recovery,
> . . . .
> There has been no recovery by Defendant Proben, and thus, no "lien on the tort recovery" is permitted.
> . . . .
> There is no question of fact for the Court to decide and, the claim for statutory reimbursement, fails as a matter of law. There has been [no] recovery, hence no reimbursement. The Plaintiff has no claim and fails to state a cause of action.

(Def.'s Br. at 5 & 7).

In its response to Proben's motion, Citizens does not direct this Court to any authority that would indicate that an insurer can bring a declaratory action, seeking a declaration as to a right to reimbursement under the statute, before the insured has actually obtained a recovery. At the May 23, 2019 hearing, counsel for Citizens acknowledged that he could not locate any such authority.

Based on the language of the statute, this Court concludes that Citizens' claim for reimbursement in Count 1, even if it were limited to economic damages, is premature. The statute provides for reimbursement for personal protection insurance benefits paid "shall be

6

made *only if recovery is realized* upon a tort claim arising from an accident occurring outside this state." Mich. Comp. Laws § 500.3116(2). It is undisputed that there has been no such recovery by Proben. Even if Proben does obtain a recovery from the other driver in the future, the only reimbursement Citizens could obtain would be as to economic damages recovered by Proben. Mich. Comp. Laws § 500.3116(4). Moreover, pursuant to the statute, even the reimbursement for that would exclude "reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery." Mich. Comp. Laws § 500.3116(2).

As such, given that Proben has not obtained any recovery from the other driver, this Court agrees that Citizens' claim for reimbursement in Count 1 is premature and fails to state a claim upon which relief can be granted. The Court shall dismiss Count 1 without prejudice to Citizens asserting a claim for reimbursement, if Proben obtains a recovery from the other driver for economic damages.

## II.     Challenges To Count 2

Mich. Comp. Laws § 500.3107(1)(a) provides that "personal protection benefits are payable for" "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation."

The Michigan Supreme Court has "approved of declaratory relief for future expenses in a no-fault action." *Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294 (2006). As noted above, "under the no-fault act, an insurance company is only liable to pay for reasonable costs incurred as a result of a motor-vehicle accident." *Id*. (citing Mich. Comp. Laws § 500.3107(a)).

Here, in Count 2, Citizens asks the Court to declare that the hyperbaric oxygen therapy treatment Proben has been receiving is not covered under his policy because he has failed to establish that the treatment was reasonably necessary for his care, recovery, or rehabilitation. Citizens wants the Court to declare that it is not obligated to pay Proben's past, present, or future hyperbaric oxygen therapy treatment bills.

The parties appear to agree that in order to be covered under § 500.3107(a), the insured must present objective and verifiable medical evidence that the treatment is efficacious in the injured person's care, recovery, or rehabilitation. (*See* Proben's Br. at 8-9).

As such, Proben's basis for challenging Count 2 is unclear. Based on what has been presented, this Court does not see a basis for dismissing Count 2. Thus, Count 2 shall proceed in this action.

## CONCLUSION & ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent that the Court ORDERS that Count 1 is DISMISSED WITHOUT PREJUDICE. The motion is DENIED in all other respects.

IT IS SO ORDERED.

                                                     s/Sean F. Cox
                                                     Sean F. Cox
                                                     United States District Judge

Dated: May 28, 2019